Opinion issued October 22, 2009













In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00472-CR




ALVIN EARL MURPHY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1055439


 

SUPPLEMENTAL MEMORANDUM
OPINION ON REHEARING
          On motion for rehearing, appellant Alvin Earl Murphy contends this Court
erred in considering as inadmissible hearsay the nurse’s offer-of-proof testimony that
V.Y. said she had sexual contact with her boyfriend on the day of the sexual assault. 
Appellant argues for the first time on rehearing that the statement should not be
excluded as inadmissible hearsay because V.Y.’s statement was made for the purpose
of medical diagnosis or treatment under Texas Rule of Evidence 803(4). We agree
and consequently grant the motion for rehearing. We, however, deny appellant’s
requested relief and leave our judgment affirming appellant’s conviction and sentence
unchanged.
          Appellant argues that the evidence that V.Y. had sexual contact with her
boyfriend on the day of the sexual assault is admissible under Texas Rule of Evidence
412(b)(2)(A) to rebut or explain scientific or medical evidence offered by the State. 
The DNA evidence that appellant seeks to rebut includes testimony that the
probability that the sperm cell fraction on the vaginal swab taken from V.Y. could be
from someone other than appellant is less than 1 in 310 million in the general
`population.



 
          This is not, therefore, a case in which the scientific or medical evidence
identifies that sperm was found on the victim, and the question is merely who was the
source. See Allen v. State, 700 S.W.2d 924, 929 n.4 (Tex. Crim. App. 1985). This
is also not a case in which the scientific or medical evidence identifies physical
trauma to the victim as a result of the sexual assault, but the evidence does not
implicate a specific assailant. Id. In those situations, the defendant is entitled to
introduce evidence of the victim’s sexual behavior during the relevant time period to
rebut the State’s scientific or medical evidence.
          This case is different. The scientific or medical evidence introduced at trial,
the credibility of which appellant does not challenge on appeal, is (1) that the sperm
found on V.Y. matched appellant’s DNA and (2) there is less than 1 unrelated person
in 310 million of the general population who could be a genetic match for the sperm
found on V.Y.
          Assuming the evidence that V.Y had sexual contact with her boyfriend on the
day of the sexual assault somehow rebuts the State’s DNA evidence, then appellant
must still show that the probative value of the evidence is not substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
the jury. See Tex. R. Evid. 403, 412. Here the trial court must weigh all the policy
considerations behind the adoption of the rape shield law, Rule 412, against the
probative value of the evidence. Considering the minute statistical probability that
V.Y.’s boyfriend could have been the source of the sperm, we cannot conclude the
trial court abused its discretion in not allowing the nurse’s testimony to be admitted
before the jury.

          Accordingly, after rehearing the case, we deny appellant’s requested relief and
again overrule his point of error. Our previous judgment affirming appellant’s
conviction and sentence remains unchanged.
 
 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Hanks, Higley, and Nuchia.



Justice Hanks concurs in the judgment only.
Do not publish. Tex. R. App. P. 47.2(b).